IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06mj079-SRW |
| | ) | |
| SANTO COLEMAN | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on September 1, 2006. There is a rebuttable presumption of detention in this case. I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant presents a risk of flight or nonappearance. During an attempted "controlled delivery" of narcotics, Coleman, who was in his truck in a motel parking lot, was approached by agents who identified themselves as police.[1] Coleman hit the gas and took off immediately, sped up over the curb, crossed the grass, and led agents – who activated their blue lights and sirens – on a chase for several miles that ended only when Coleman's truck crashed through a fence and hit a tree. Coleman and the other occupant of the truck then fled on foot, and Coleman was not located despite a search by K-9 officers. Thereafter, although Coleman was aware that his companion had been arrested, and believed that there might be a warrant for his own arrest, he did not turn himself in to authorities until some 20 days after the chase.

Based on the foregoing, the court concludes that there are no conditions or

---

[1] At least one of the officers also had on a vest with "police" written across it.

combination of conditions which will reasonably assure the appearance of the defendant and that the defendant should be detained.

Further, based on the evidence adduced at the hearing, the Magistrate Judge concludes that there is probable cause to believe that the defendant committed the offense charged in the complaint. Therefore, it is

ORDERED that the defendant is bound over to the district court for further proceedings. It is further

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 5th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE